### BRAY vs CUMMING & AL.

Where the title of slaves, alleged to be given by the father to the son-in-law, in consideration of marriage, is at issue, declarations of the wife are not good evidence

If the party claims under the laws of another state, and fails to prove them, the case will be decided by those of our own.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court.   This is an action of trespass for taking two of the plaintiff's slaves.   The defendants severed in their answers.   Cumming pleaded title in himself and prescription.   Russel pleaded the general issue and justification, averring that, as a constable, he assisted Cumming in a search warrant issued for the slaves.

The plaintiff had judgment, and the defendant, Cumming, appealed.

The evidence shews that on the marriage of Cumming with the plaintiff's daughter, in the state of Mississippi, two slaves, the issue of a negro woman possessed by the plaintiff, accompanied her to her husband's. Afterwards the plaintiff, and Cumming and his wife, came to Louisiana, bringing the

two slaves, who remained with him 'till her death, when they went to the plaintiff's. The plaintiff gave in these two slaves as his property and paid their taxes. Cumming was heard to say that he did not pay their taxes, because the plaintiff had never given him a title. He married the plaintiff's daughter in 1816: they came over the same year, and she died in April 1 25.

A witness deposed, he bought slaves in the state of Mississippi without bills of sale. The clerk of the court told him none was necessary. Another deposed, he sold about forty slaves in that state; written sales were necessary, but they needed no to be recorded; he had always understood that a gift of negroes, on marriage, was not required by law to be written. He had, himself, some property in Natchez in that situation, and enquired of a lawyer, who said the title was good, but the witness knows not the law of the state of Mississippi.

The plaintiff proved his daughter was heard to say the slaves were not given her.

To the admission of evidence of what the wife had been heard to say, the defendant excepted, and we think the court erred in

overruling his objection, for hearsay is no evidence, except as to what is said by a party to the suit.

He offered a witness to prove that the plaintiff had said he had given the slaves to his daughter —the plaintiff's counsel objected to this, but the court sustained the objection on the ground that the defendant had failed in the proof that a gift of slaves may be made by parol, in the state of Mississippi, and we do not think the court erred.

Leaving what the wife said out of the testimony, the plaintiff has shewn the negroes were his, and the defendant has not proved that the title to them passed out of him : as he claims without a good title, the prescription of fifteen years can alone help him.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Bullard* for the plaintiff, *Scott* for the defendant.